UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
(EASTERN DIVISION)

|  |  |  |
|---|---|---|
| NIKE USA, INC., | : | |
| Plaintiff, | : | Civ. No. |
| v. | : | |
| DONALD CRAWLEY, JR. also known as DON CRAWLEY, Jr., | : | |
| Defendant. | : | |

**COMPLAINT OF NIKE USA, INC. AGAINST DONALD CRAWLEY, JR.**

Nike USA, Inc. ("Nike") hereby files this Complaint against Donald Crawley, Jr., also known as Don Crawley, Jr. ("Crawley" or "Guarantor") and states as follows:

**Preliminary Statement**

1. This is an action to collect $190,191.95, plus interest, fees, and costs from Donald Crawley, Jr., a guarantor of the obligations owed to Nike by RSVP LLC, doing business as RSVP Gallery ("RSVP"). As a guarantor, Crawley is responsible to Nike for the entire outstanding balance owed to Nike by RSVP. Crawley has breached his personal guaranty to Nike by failing to compensate Nike for the products Nike provided to RSVP, and RSVP failed to pay for.

**The Parties**

2. Plaintiff, Nike USA, Inc., is an Oregon corporation whose principal business activity is the design, development, and worldwide marketing and selling of athletic footwear, apparel, equipment, accessories, and services.

3. Nike USA, Inc. is organized in, domiciled in, and a citizen of Beaverton, Oregon.

4. Donald Crawley, Jr. also known as Don Crawley, Jr. is the manager of RSVP LLC.

1

5. Defendant Donald Crawley, Jr. also known as Don Crawley, Jr. is an individual residing at 1732 Bronson Lane, Highland Park, Illinois 60035-4716.

6. Donald Crawley, Jr. is a citizen of and domiciled in Lake County, Illinois.

## Jurisdiction and Venue

7. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332 because Nike is a citizen of a different state than the Defendant, and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

8. Venue in this District is proper pursuant to 28 U.S.C. § 1391.

9. The events giving rise to the subject matter of this Complaint occurred in this District.

## Background Facts

A. **The Account Agreements**

10. Nike and RSVP are parties to the Nike USA Account Application and Agreement dated April 24, 2012 (the "Account Agreement"). A copy of the Account Agreement is attached hereto as **Exhibit 1** and is incorporated herein by reference.

11. The Account Agreement requires RSVP to pay Nike for all goods sold when due pursuant to the terms and conditions of sale on Nike's invoices.

12. The Account Agreement requires RSVP to dispute an invoice from Nike within thirty days after the date the invoice is due. If RSVP does not dispute an invoice within thirty days after the date the invoice is due, then, pursuant to the Account Agreement, the invoice will be deemed to be an account stated.

13. The Account Agreement provides that any sum not paid when due is subject to a service charge of 1.5% per month or the maximum rate permitted by law, whichever is lower.

14. The Account Agreement requires RSVP to pay such costs, collection agency fees, expenses, reasonable attorney fees, and fees of corporate counsel (including, without limitation, at trial and on appeal) as Nike may incur in any matter of collection of any sums past due.

15. Oregon law applies to the Account Agreement.

16. The Account Agreement provides Nike the right to refuse or cancel any such orders at any time prior to delivery to RSVP, regardless of whether or not the order has been confirmed or payment has been received.

17. The Account Agreement allows Nike to allocate its available product in its sole and unfettered discretion.

18. The Account Agreement is supported by consideration.

19. In exchange for the execution of the Account Agreement, Nike agreed to do business or continue to do business with RSVP in accordance with the Account Agreement.

20. Nike relied on the Account Agreement in doing business with and extending credit to RSVP.

21. Nike relied on, *inter alia*, the Account Agreement in making decisions to extend credit and actually extending credit to RSVP.

22. According to the Illinois Secretary of State, RSVP was involuntarily dissolved on May 3, 2025, and is, therefore, not a defendant in this action.

**B.     The Personal Guaranty**

23. On or about May 1, 2012, Donald Crawley, Jr. provided Nike with the Personal Guaranty (the "Personal Guaranty"). The Personal Guaranty is attached hereto as **Exhibit 2** and is incorporated herein by reference.

24. Donald Crawley, Jr. is the guarantor of RSVP's debts and obligations to Nike.

25. In the Personal Guaranty, Crawley personally guaranteed to Nike the obligations of RSVP.

26. In the Personal Guaranty, Crawley unconditionally, absolutely, and irrevocably guaranteed and promised to pay Nike, when due, all indebtedness owed to Nike by RSVP.

27. The Personal Guaranty provides that indebtedness "is used in its most comprehensive sense and includes all debts, obligations and liabilities of Buyer to Nike of every nature, whether now in existence or arising at any time in the future, including principal, interest charges, attorneys fee, and costs."

28. Crawley executed the Personal Guaranty to induce Nike to extend credit to RSVP for the sale of Nike products.

29. Nike extended credit to RSVP because the Personal Guaranty was provided to Nike.

30. Nike relied on, *inter alia*, the Personal Guaranty in making decisions to do business with RSVP.

31. Paragraph 5 of the Personal Guaranty provides that "Guarantor agrees to indemnify NIKE and hold NIKE harmless from all obligations, demands, claims, and liabilities asserted by any other party, and against all losses incurred or paid by NIKE in any way arising out of or in connection with Nike's transactions with Customer."

32. Paragraph 8 of the Personal Guaranty provides that NIKE will be entitled to collect from Guarantor all of NIKE's costs, collection agency fees, expenses, attorneys fees and fees of corporate counsel incurred in connection with collection efforts (including, without limitation, at trial and on appeal).

33. Paragraph 7 of the Personal Guaranty provides that it:

> will remain in effect until Guarantor gives NIKE written notice by certified mail of Guarantor's termination of this Guaranty ("Notice

of Termination"). The Notice of Termination must be addressed to NIKE, Inc., One Bowerman Drive, Beaverton, Oregon 97005-6453, Attention Credit Manager.

34. Crawley has not terminated the Personal Guaranty.

**C. RSVP's Obligations to Nike**

35. Nike issued invoices to RSVP for goods and services that Nike provided to RSVP, and such invoices were due and payable to Nike more than thirty days prior to the filing of this Complaint.

36. Nike and RSVP have resolved invoice discrepancies, including, but not limited to, chargebacks, freight, and quantity issues. After resolving such issues, the amounts set forth in this Complaint remain due and payable to Nike.

37. As of the date of the filing of this Complaint, RSVP is indebted to Nike in an amount no less than $190,191.95, exclusive of interest, fees and costs. A copy of the Account Statement showing the amount the Defendant Entities owe to Nike is attached hereto as **Exhibit 3**.

38. The foregoing amount has not been paid to Nike as of the filing of this Complaint.

**COUNT I - BREACH OF PERSONAL GUARANTY**
**Nike v. Donald Crawley, Jr.**

39. Nike incorporates herein by reference each of the foregoing paragraphs above as if fully restated herein.

40. Crawley personally guaranteed payment to Nike of the debts of RSVP in exchange for RSVP's continued ability to conduct business with Nike and for Nike's extension of credit to RSVP.

41. Nike provided goods and services to RSVP and extended credit to RSVP, which was Nike's substantial performance pursuant to the Personal Guaranty signed by the Crawley.

42. Crawley failed pay Nike for the goods and services Nike provided contrary to the Personal Guaranty signed by Crawley, causing Nike to suffer damages.

43. Because of the Personal Guaranty signed by the Crawley, Crawley is personally obligated to Nike in an amount not less than $190,191.95 plus costs, collection agency fees, expenses, attorney fees and fees of corporate counsel incurred in connection with collection efforts (including, without limitation, at trial and on appeal).

WHEREFORE, Nike requests that judgment be entered against Crawley in an amount no less than $190,191.95 plus all of Nike's costs, collection agency fees, expenses, interest, attorney fees, and fees of corporate counsel incurred in connection with collection efforts (including, without limitation, at trial and on appeal).

## COUNT II - IDEMNIFICATION
### Nike v. Donald Crawley, Jr.

44. Nike incorporates herein by reference each of the foregoing paragraphs above as if fully restated herein.

45. The Guaranty requires Crawley to indemnify and hold Nike harmless from all obligations, demands, claims, and liabilities asserted against Nike and against all losses incurred or paid by Nike in any way arising out of or in connection with Nike's transactions with RSVP.

46. Crawley is required to indemnify Nike for all obligations, demands, claims, and liabilities asserted against Nike and against all losses incurred or paid by Nike in connection with the Complaint and with Nike's transactions with RSVP.

WHEREFORE, Nike requests that judgment be entered against Crawley in an amount no less than $190,191.95 plus all of Nike's costs, collection agency fees, expenses, interest, attorney fees, and fees of corporate counsel incurred in connection with collection efforts (including, without limitation, at trial and on appeal).

| | |
|---|---|
| Dated: September 15, 2025 | A.M. SACCULLO LEGAL, LLC |
| | |
| | */s/ Mary E. Augustine*<br>Mary E. Augustine (IL Bar No. 6298218)<br>27 Crimson King Drive<br>Bear, DE 19701<br>Phone: (302) 836-8877<br>Fax: (302) 836-8787<br>meg@saccullolegal.com |
| | |
| | *Attorneys for Nike USA, Inc.* |